UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| RODNEY M. PATTON, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | C.A. No. 22-109WES |
| | : | |
| DAVOL, INC., et al., | : | |
|     Defendants. | : | |

**REPORT AND RECOMMENDATION**

PATRICIA A. SULLIVAN, United States Magistrate Judge.

On March 21, 2022, Plaintiff Rodney M. Patton, a prisoner serving a sentence at a state prison in Dixon, Illinois, filed his *pro se* complaint against Defendants Davol, Inc. ("Davol"), and C.R. Bard,[1] Inc. ("Bard"), alleging that he was injured in 2005 by an implantation of a defective mesh product designed and manufactured by Defendants during a hernia operation performed in Aurora, Illinois.  Plaintiff alleges that the initial surgery was in April 2005 but that the mesh failed, resulting in a second surgery in November 2005.  ECF No. 1.  He claims that jurisdiction is proper in this Court because there is diversity of citizenship (he claims to be a citizen of Illinois, while Defendants are citizens of Rhode Island) and seeks damages for his injury caused by Defendants' "deliberate indifference to [his] health care needs."  Id. at 3-4. Plaintiff accompanied his complaint with a request to proceed *in forma pauperis* ("IFP").  ECF No. 2.

Plaintiff's IFP request has been referred to me.  While the IFP motion is in order to be granted, based on this referral, I am also required to screen his complaint.  See 28 U.S.C. §§

---

[1] Plaintiff named "Bard" as "Brad."  The Court assumes that "Bard" was intended.

1915(e)(2), 1915A.  From my review of the face of the pleading, read with the lenity[2] due all *pro se* filings, it appears that Plaintiff's claim must be dismissed at screening because it is clearly time-barred by the applicable statute of limitations.  See Barrett v. Davol, Inc., C.A. No. 10-3426ML, 2010 WL 4156441, at *1 (D.R.I. Oct. 21, 2010).

In Barrett, this Court addressed a claim by a citizen of Illinois of an injury caused by the implantation of a defective hernia mesh designed and manufactured by two of the same defendants Plaintiff has named in this case (Davol, Inc., and C.R. Bard, Inc.).  In Barrett, the surgery was performed in Illinois in 2005, which is exactly what Plaintiff has alleged in his complaint.  ECF No. 1 at 5 ("Plaintiff. . . received a Hernia operation in April of 2005 . . . in Aurora, Illinois.").  In Barrett, when the mesh product failed, it was removed in surgeries performed in 2006 and 2007.  2010 WL 4156441, at *1.  Similarly, Plaintiff alleges that his second surgery due to the failure of the mesh product was in late 2005, also in Illinois.  ECF No. 1 at 4-5.  In Barrett, the plaintiff sued Davol/Bard in April 2010.  2010 WL 4156441, at *1.  In this case, Plaintiff just filed his suit against them in 2022.

Barrett holds that dismissal is appropriate where "the facts establishing the defense [of the applicable statute of limitations are] clear on the face of the plaintiff's pleadings."  2010 WL 4156441, at *2 (internal quotation marks and citation omitted).  Barrett also holds that the applicable Illinois statute of limitations requires that suit must be brought within two years after the cause of action accrues.  Id. at *4.  Barrett dismissed all claims against Davol/Bard as barred by the Illinois statute of limitations.  Id. at *5.  In this case, Plaintiff filed his case twelve years later than the Barrett plaintiff filed her out-of-time lawsuit.  Thus, from the face of the pleading, it would appear that he is as much as fourteen years out of time.  Plaintiff has made no allegation

---

[2] Because Plaintiff is *pro se*, the Court has interpreted his filings liberally.  Instituto de Educacion Universal Corp. v. U.S. Dep't of Educ., 209 F.3d 18, 23 (1st Cir. 2000).

of fraudulent concealment nor does he allege that his time to file was tolled for any other reason.³ Like Barrett, this is a case "[w]here the dates included in the complaint show that the limitations period has been exceeded and the complaint fails to sketch a factual predicate that would warrant the application of either a different statute of limitations period or equitable estoppel." Id. at *2 (internal quotation marks and citation omitted). Therefore, dismissal at screening is appropriate. Bergevine v. D.C.Y.F., C.A. No. 21-cv-459-WES-PAS, 2021 WL 5997649, at *1 (D.R.I. Dec. 20, 2021) (recommending dismissal at screening of claim facially barred by applicable statute of limitations).

    Mindful of Plaintiff's *pro se* status, I recommend that Plaintiff be afforded thirty days from his receipt of the Court's adoption of this recommendation to file an amended complaint. If he fails to do so, or if the amended pleading fails to plead plausible facts sufficient potentially to overcome the applicable statute of limitations, I recommend that this case be dismissed. Any objection to this report and recommendation must be specific and must be served and filed with the Clerk of the Court within fourteen (14) days of its receipt. See Fed. R. Civ. P. 72(b)(2); DRI LR Cv 72(d). Failure to file specific objections in a timely manner constitutes waiver of the right to review by the district judge and the right to appeal the Court's decision. See United States v. Lugo Guerrero, 524 F.3d 5, 14 (1st Cir. 2008); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

/s/ Patricia A. Sullivan
PATRICIA A. SULLIVAN
United States Magistrate Judge
March 31, 2022

---

³ Under Illinois law, the fact that Plaintiff has been incarcerated does not toll the statute of limitations; in 1989, the Illinois legislature abolished completely the tolling rule for persons imprisoned on a criminal charge. Act of Sept. 6, 1990, Pub. Act 86–1329, sec. 4, ¶ 13–211, 1990 Ill. Laws 2594. This change took effect January 1, 1991, fourteen years before the earliest that Plaintiff's cause of action potentially accrued. See Dixon v. Chrans, 986 F.2d 201, 204 n.3 (7th Cir. 1993).