UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| RODNEY M. PATTON, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | C.A. No. 22-109WES |
| | : | |
| DAVOL, INC., et al., | : | |
|     Defendants. | : | |

**ORDER**

Now pending before the Court is Plaintiff's application to proceed without prepayment of fees ("IFP motion"), ECF No. 2, which has been referred to me for determination. Based on my screening of Plaintiff's original complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A, I had issued a report and recommendation on March 31, 2022, ECF No. 7, which recommended dismissal based on the applicable statute of limitations, but with leave for Plaintiff to amend. Plaintiff has now filed an Amended Complaint that alleges fraudulent concealment and mental incompetency as grounds for tolling the statute of limitations. ECF No. 8. While expressing no opinion regarding the sufficiency of these allegations for Fed. R. Civ. P. 12(b) or Fed. R. Civ. P. 56 purposes, for screening purposes, I find that the Amended Complaint is sufficient for the IFP motion to be granted and the Amended Complaint to be served.

Based on the foregoing, the pending Report and Recommendation is withdrawn as moot and Plaintiff's IFP motion is GRANTED. The Clerk is directed to procure summonses and/or take other appropriate steps to arrange for service of the Amended Complaint on the named Defendants.

Regarding the filing fee, because Plaintiff is a prisoner, he is still required to pay the statutory filing fee of $350. 28 U.S.C. § 1914(a). Pursuant to the Prison Litigation Reform Act of 1995 ("the Act"), adopted April 26, 1996, and codified at 28 U.S.C. § 1915(b), a prisoner

seeking to proceed IFP must pay as an initial filing fee the greater of twenty percent (20%) of the average monthly deposits to his account or the average monthly balance for the six months prior to the filing of his Complaint. See 28 U.S.C. § 1915(b)(1). Thereafter, a prisoner must make monthly payments of twenty percent (20%) of the previous month's balance in his account. See 28 U.S.C. § 1915(b)(2). Plaintiff's attached Inmate Transaction Statement from the Dixon Correctional Center indicates that the monthly deposits to Plaintiff's account during the six-month period prior to the filing of the Complaint averaged $26.34. His average monthly spending balance (excluding encumbered funds) during the relevant period was $278.69. Accordingly, Plaintiff is directed to pay an initial filing fee of $55.74.[1] Additionally, the Dixon Correctional Center is directed to forward to the Court each month twenty percent (20%) of the previous month's balance in Plaintiff's account each time the amount in the account exceeds $10.00 until Plaintiff has paid the entire filing fee of $350.00.

So ordered.

ENTER:

/s/ Patricia A. Sullivan
PATRICIA A. SULLIVAN
United States Magistrate Judge
April 20, 2022

---

[1] "In no event shall a prisoner be prohibited from bringing a civil action or appealing a civil or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee." 28 U.S.C. § 1915.